ROBERT JOHN GASKEY *v.* STATE OF INDIANA.

[No. 3-574A94. Filed December 19, 1974.]

*Delores Goldman,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Robert John Gaskey (Gaskey) was convicted of entering with intent to commit a felony following a trial to a jury, and was sentenced to confinement for a period of not less than one nor more than five years in the custody of the Indiana Department of Corrections. Upon the overruling of his motion to correct errors, appellant perfected this appeal.

The sole question presented by this appeal is whether the trial court erred in denying Gaskey's motion to suppress evidence which was the fruits of a search of an apartment where he lived.

The evidence in this cause most favorable to the State on this issue establishes that on January 8, 1973, Detective Sergeant Vern Harris investigated a burglary of the apartment of Mrs. Helen McCoy in Hammond, Indiana. A television set was among the items taken in the burglary. The appellant had been seen that day carrying a television up the stairs of the apartment building in which he resided in the company of a juvenile who also lived in the building. This young man had, under duress, assisted appellant in opening the door of Mrs. McCoy's apartment, and then followed him while he transported the television to the apartment of Bernice and Steve Gaskey (the Gaskeys) wherein appellant resided.

Detective Harris and Sergeant Theodore Lind met the Gaskeys outside their apartment as they returned home, and advised them that they had information that appellant had taken items from Mrs. McCoy's apartment and placed them in their apartment. The Gaskeys then invited the officers into the apartment. Once inside, the officers asked if appellant was in the apartment at that time and, while looking for appellant, Mrs. Gaskey, in the presence of the officers, discovered the television behind the couch.

On appeal, appellant asserts that the introduction of the television in evidence was improper on the basis that it was found as the result of an illegal warrantless search.

However, we are of the opinion that the discovery of the television was not the result of a search. In *Boys* v. *State* (1973), 261 Ind. 413, at 416, 304 N.E.2d 789, at 791, our Supreme Court stated:

"We do not agree with appellant in his premise that a search was conducted in this case. The police officers had gone to appellant's home at the invitation of appellant's wife. Upon arriving, before entering the home, appellant's

wife advised the appellant as to the reason for the presence of the police officers. After being so informed, the appellant voluntarily took the police officers to the bathroom in the home where he himself removed the clothing from the tub and voluntarily surrendered it to the officers."

In the case at bar, there was a similar informed, voluntary invitation of the police officers into appellant's abode by another inhabitant of the home. Once the officers were inside the apartment, the television which appellant sought to have excluded from the evidence at trial was voluntarily revealed to them.

Thus, herein there was no prying into hidden places for that which is concealed which is regarded by the law as a search, but rather a display of the evidence in plain view of the officers at a time when they were rightfully in a position to observe it. It is, therefore, a necessary conclusion that the evidence here at issue was not illegally obtained. *United States* v. *Conner* (7th Cir. 1973), 478 F.2d 1320; *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N.E.2d 413; *McCoy* v. *State* (1960), 241 Ind. 104, 170 N.E.2d 43.

No reversible error having been shown, the judgment of the trial court must be affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 319 N.E.2d 877.